UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL SIMON d/b/a PAUL SIMON MUSIC,<br><br>                  Plaintiff<br><br>v.<br><br>SEIKO CORPORATION OF AMERICA AND SEIKO HOLDINGS CORPORATION.<br><br>                  Defendants. | CASE NO. 1:08-cv-07276-PGG<br><br>FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Paul Simon ("Simon") d/b/a Paul Simon Music, by his attorneys, HANLY CONROY BIERSTEIN, SHERIDAN FISHER & HAYES LLP, brings this action against the Defendants, SEIKO CORPORATION OF AMERICA AND SEIKO HOLDINGS CORPORATION, and complains and alleges as follows:

### NATURE OF THE CLAIM

1. This is a claim for copyright infringement based upon Defendants' use, without a license, of the famous composition, "Bridge Over Troubled Water" (the "Composition") written by Paul Simon, in connection with Defendants' manufacture, distribution and sale of clocks throughout the United States. Such actions violate Plaintiff's rights and entitle Plaintiff to the damages sought herein and for an order to compel Defendants to cease and desist in such use. Defendants, who have been in the clock business for decades, knew or should have known that they were violating Plaintiff's rights and have realized millions of dollars from their infringing actions. Defendants profit from their infringing activities directly and vicariously because they obtain profits from the sales of the clocks and sell to retailers and on-line vendors who also profit

therefrom. This action is brought to obtain redress for blatant infringement of Plaintiff's rights by Defendants.

## THE PARTIES

2. Plaintiff, Paul Simon d/b/a Paul Simon Music is a world famous singer and songwriter and is a resident of the State of Connecticut.

3. Defendant, Seiko Corporation of America, ("Seiko USA") is, upon information and belief, a company organized and existing pursuant to the laws of the state of New Jersey and having a principal place of business at 1111 Macarthur Boulevard, Mahwah, New Jersey 07430. Seiko USA is, upon information and belief a sales subsidiary of Seiko Holdings Corporation ("Seiko Japan") and serves as the distributor for Seiko Japan products throughout the United States. Upon information and belief, Seiko USA is engaged in the business of manufacture, distribution and sale of clocks, which *inter alia*, incorporate various musical compositions that are played on the clocks.

4. Defendant, Seiko Japan is, upon information and belief, a company organized and existing pursuant to the laws of Japan with its principal place of business in Tokyo, Japan and which conducts business throughout the United States of America, including this District, and is the corporate parent of Seiko USA. Upon information and belief, Seiko Japan, which was established in 1881, manufactures, distributes and sells clocks, in Japan, the United States among other places, which *inter alia,* include musical compositions played on the clocks.

5. Plaintiff is informed and believes, and on that basis alleges, that all times mentioned herein, each of the Defendants was the agent of the other and, in doing the acts complained of herein, was acting with the scope of and pursuant to such agency.

## JURISDICTION

6.      This court has jurisdiction of this action by virtue of the copyright laws 17 U.S.C. § 101 *et. seq.*, in that this is a civil action seeking damages and injunctive relief under the Copyright Act.

7.      Jurisdiction of the subject matter is conferred on this Court by 28 U.S.C. §§ 1331 and 1338.

8.      This Court has personal jurisdiction over Defendants in that, among other things, Defendants are doing business in the State of New York and in this judicial district, and Plaintiff is suffering harm in this District, among others.

9.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(a), in that Defendants are subject to personal jurisdiction, and may be found, in this District.

## FACTUAL ALLEGATIONS

10.     Upon information and belief, in or about 2001 Defendants began to manufacture, distribute and sell throughout the United States of America clocks which utilized the Composition which was composed by Simon and which is owned by him. The clocks marketed and sold by Defendants also contained compositions other than that owned by Plaintiff.

11.     Plaintiff owns and administers the copyright in the Composition and has invested money, time, effort and creative talent to protect and properly exploit the copyright in the Composition as he does for other copyrights of songs he has written. Plaintiff has registered the copyright in the Composition. A copy of the renewal copyright registration bearing the number RE765-182 is annexed hereto as Exhibit A. The original registration number is EU 150493.

12.     Upon information and belief, Defendants intentionally, knowingly and/or recklessly utilized Plaintiff's composition without a license and in derogation of his rights.

Further upon information and belief, Defendants have sold in the United States in the three-year period prior to the date hereof, in excess of 109,000 clocks utilizing the Composition and grossing a wholesale sales price in excess of $9,000,000.00 from the sale of such clocks, thereby utilizing and benefiting from Plaintiff's Composition.

13. Upon information and belief, by reason of the foregoing described acts Defendants made substantial profits to which they are not entitled, as a result of the utilization of Plaintiff's composition without a license. In addition, the Composition is one of the best known songs throughout the world in popular music. It is among the most played compositions on the radio. A license fee for the use of the Composition, if one were requested and granted, would have been in excess of $1,000,000.

## COUNT I

### (Direct Copyright Infringement)

14. Plaintiff incorporates by this reference each and every averment contained in paragraphs 1 through 13, inclusive, as if fully set forth herein.

15. Defendants have infringed Plaintiff's copyrights in the Composition by reproducing, adapting, distributing, and/or publicly performing the Composition without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Each such infringement by Defendants of the Composition constitutes a separate and distinct act of infringement.

17. Defendants' acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiff.

18. As a direct and proximate result of the infringements by Defendants, Plaintiff is entitled to actual damages, including the value of a license fee and the Defendants' profits in

amounts to be proven at trial which are not currently ascertainable. Alternatively, Plaintiff is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

19.  Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

20.  As a result of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendants will continue to infringe its rights in the Composition. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

21.  As a result of Defendants' actions, Plaintiff's have been damaged in an amount to be determined at a trial of this action, which upon information and belief, exceeds the sum of $5,000,000.00.

## COUNT II
### (Vicarious and/or Contributory Copyright Infringement)

22.  Plaintiff incorporates by this reference each and every averment contained in paragraphs 1 through 21, inclusive, as if fully set forth herein.

23.  Upon information and belief, Defendants sell to retailers and on-line vendors of clocks. Such sales by retailers and on-line merchandisers constitute infringements of Plaintiff's copyright in the Composition, including its exclusive rights of reproduction, distribution, and public performance, 17 U.S.C. §§ 106 and 501.

24.  Upon information and belief, Defendants have the right and ability to supervise and control the infringing conduct of their retailers and on-line vendors. Defendants have

5

refused to exercise such supervision and control to the extent required by law. As a direct and proximate result of such refusal, Defendants have infringed Plaintiff's copyright in the Composition, including by retailer, distribution and sale of clocks containing the Composition by retailers and others.

25. Defendants derive a direct financial benefit from this infringement, including but not limited to, increased sales and increase in value of Defendants' businesses arising from the "draw" of the use of the Compositions.

26. Each such infringement by Defendants' retailers and on-line vendors of the Composition for which Defendants are vicariously and/or contributorily liable constitutes a separate and distinct act of infringement.

27. Defendants' acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiff.

28. As a direct and proximate result of the infringements by Defendants, Plaintiff is entitled to damages and to Defendants' profits in amounts to be proven at trial which are not currently ascertainable. Alternatively, Plaintiff is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

29. Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

30. As a result of Defendants' acts and conduct, Plaintiff sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendants will continue to infringe his rights in the Composition.

Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants continuing infringing conduct.

WHEREFORE, Plaintiff seeks judgment against Defendants:

(a.) On the first count for relief, damages in an amount to be determined at a trial of this action, which upon information and belief, exceeds the sum of $5,000,000.00;

(b.) On the second count for relief, damages in an amount to be determined at a trial of this action, which upon information and belief, exceeds the sum of $5,000,000.00; and

(c.) An order preliminarily and permanently enjoining Defendants from infringing Plaintiff's Composition.

(d.) The costs and disbursement of this actions including reasonable attorneys' fees together with such other and further relief that this Court may deem just and proper.

Dated: New York, New York
      August 18, 2008

    HANLY CONROY BIERSTEIN SHERIDAN
    FISHER & HAYES LLP

By: *[signature]*
Steven M. Hayes
112 Madison Avenue – 7th Floor
New York, NY 10016-7416
(212) 784-6414 (Direct)
(212) 213-5949 (Fax)
shayes@hanlyconroy.com

Attorneys for Plaintiff

# EXHIBIT A

# CERTIFICATE OF REGISTRATION







This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

**FORM RE**
UNITED STATES COPYRIGHT OFFICE

**RE 765-182**

EFFECTIVE DATE OF RENEWAL REGISTRATION
NOV 10 1997
(Month) (Day) (Year)

DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY

**1 Renewal Claimant(s)**
RENEWAL CLAIMANT(S), ADDRESS(ES), AND STATEMENT OF CLAIM: (See Instructions)

1  Name... PAUL SIMON
   Address... 1619 Broadway, Suite 500, New York, New York 10019
   Claiming as... the Author
   (Use appropriate statement from instructions)

2  Name...
   Address...
   Claiming as...
   (Use appropriate statement from instructions)

3  Name...
   Address...
   Claiming as...
   (Use appropriate statement from instructions)

**TITLE OF WORK IN WHICH RENEWAL IS CLAIMED:**
BRIDGE OVER TROUBLED WATER

**RENEWABLE MATTER:**
Words and Music

**CONTRIBUTION TO PERIODICAL OR COMPOSITE WORK:**
Title of periodical or composite work:
If a periodical or other serial, give: Vol.......  No.......  Issue Date.......

**3 Author(s)**
AUTHOR(S) OF RENEWABLE MATTER:
PAUL SIMON

**4 Facts of Original Registration**
ORIGINAL REGISTRATION NUMBER: Eu 150493
ORIGINAL COPYRIGHT CLAIMANT: Paul Simon

**ORIGINAL DATE OF COPYRIGHT:**
● If the original registration for this work was made in published form,
give:
DATE OF PUBLICATION: November 28, 1969
(Month) (Day) (Year)

OR

● If the original registration for this work was made in unpublished form,
give:
DATE OF REGISTRATION: *November 28, 1969
(Month) (Day) (Year)

| *Amended by Copyright Office | EXAMINED BY: [signature] CHECKED BY: [signature] | RENEWAL APPLICATION RECEIVED: NOV 10 1997 | FOR COPYRIGHT OFFICE USE ONLY |
|---|---|---|---|
| | CORRESPONDENCE: ☐ YES | REMITTANCE NUMBER AND DATE: | |
| | DEPOSIT ACCOUNT FUNDS USED: ☐ | | |

**DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY**

**RENEWAL FOR GROUP OF WORKS BY SAME AUTHOR:** To make a single registration for a group of works by the same individual author published as contributions to periodicals (see Instructions), give full information about each contribution. If more space is needed, request continuation sheet (Form RE/CON).

**5** Renewal for Group of Works

1  Title of Contribution: ............
   Title of Periodical: .......... Vol. ...... No. ...... Issue Date ......
   Date of Publication: ............ Registration Number: ......
   (Month) (Day) (Year)

2  Title of Contribution: ............
   Title of Periodical: .......... Vol. ...... No. ...... Issue Date ......
   Date of Publication: ............ Registration Number: ......
   (Month) (Day) (Year)

3  Title of Contribution: ............
   Title of Periodical: .......... Vol. ...... No. ...... Issue Date ......
   Date of Publication: ............ Registration Number: ......
   (Month) (Day) (Year)

4  Title of Contribution: ............
   Title of Periodical: .......... Vol. ...... No. ...... Issue Date ......
   Date of Publication: ............ Registration Number: ......
   (Month) (Day) (Year)

5  Title of Contribution: ............
   Title of Periodical: .......... Vol. ...... No. ...... Issue Date ......
   Date of Publication: ............ Registration Number: ......
   (Month) (Day) (Year)

6  Title of Contribution: ............
   Title of Periodical: .......... Vol. ...... No. ...... Issue Date ......
   Date of Publication: ............ Registration Number: ......
   (Month) (Day) (Year)

**DEPOSIT ACCOUNT:** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account:

Name: ............
Account Number: ............

**CORRESPONDENCE:** Give name and address to which correspondence about this application should be sent:

Name: Eleanor Swan/Paul Simon Music
Address: 1619 Broadway, Suite 500
New York, New York 10019
(City) (State) (ZIP)

**6** Fee and Correspondence

**CERTIFICATION*** I, the undersigned, hereby certify that I am the: (Check one)
☐ renewal claimant  ☒ duly authorized agent of: PAUL SIMON
(Name of renewal claimant)

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Handwritten signature: (X) /Eleanor Swan/

Typed or printed name: Eleanor Swan

Date: November 5, 1997

**7** Certification (Application must be signed)

*17 U.S.C. §506(e): FALSE REPRESENTATION—Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

MAIL CERTIFICATE TO

PAUL SIMON MUSIC, Attn: Eleanor Swan
(Name)
1619 Broadway, Suite 500
(Number, Street and Apartment Number)
New York, New York 10019
(City) (State) (ZIP Code)

(Certificate will be mailed in window envelope)

**8** Address for Return of Certificate

▲ January 1992—20,000    ☆U.S. GOVERNMENT PRINTING OFFICE: 1992-312-432/40,017